UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PAUL SINGH,

        Plaintiff,

   v.

BHUPINDER BAIDWAN,

        Defendant.

No. CIV. S-14-00603 LKK/CKD

**ORDER**

For the reasons set forth below, the hearing on this motion, currently scheduled for May 19, 2014, will be rescheduled for June 23, 2014 at 10:00 a.m.

**I. BACKGROUND**

It appears that Plaintiff Paul Singh and others formed a company ("Company") to buy Arco gas stations from BP Corporation. Complaint ¶¶ 11-15. On February 2, 2007, plaintiff initiated talks to buy an Arco gas station (the "gas station") on Sunrise Boulevard in Sacramento from the Company (the Company presumably had bought the gas station from BP). Id., ¶ 13. Plaintiff's plan was to own the gas station with non-party Jaskaran Gill,

1    each to have a 50% interest.  Id., ¶ 15.

2         Plaintiff and Gill had a problem, however.  Although they
3    would be buying the gas station from the Company, it appears that
4    there was an "assignment" of some kind (perhaps of the
5    "franchise" rights, the Complaint does not specify) that BP had
6    to approve before the purchase could go through.  BP would not
7    make the assignment to plaintiff because he did not meet BP's
8    permanent residence requirement.  Id., ¶ 15.  BP would not make
9    the assignment to Gill because he had been turned down for the
10   loan needed to do the deal, and moreover, BP had already turned
11   him down for the assignment.  Id.

12        Their solution was to use a straw buyer, defendant Bhupinder
13   Baidwan.  On May 20, 2008, Gill and defendant signed a "purchase
14   contract" with the Company.  Id., ¶ 16.  The Complaint does not
15   specify what the purchase contract was for, but it appears that
16   it was for Gill and defendant to purchase the gas station, with a
17   50% interest going to Gill and a 50% interest going to defendant.

18        The Complaint says that the purchase agreement was signed
19   "with the understanding" that plaintiff would "transfer his fifty
20   percent interest in the gas station as well as his shares in [the
21   Company] to Defendant, to hold in trust for [plaintiff]."  Id.,
22   ¶ 16.[1]

23        On May 30, 2008, Gill and Defendant applied for the loan
24   needed to purchase the gas station, from non-party Pacer Funding.
25   Id., ¶ 17.  Defendant was made personally liable on this loan.

---

[1] This appears to make no sense, since there is no prior allegation that plaintiff had any 50% interest in the gas station to transfer to defendant, in trust or otherwise.

1  Id., ¶ 18.
2       On July 10, 2008, plaintiff and defendant entered into an
3  oral contract ("the Contract").  Id., ¶ 23.  Under the Contract,
4  Plaintiff transferred his shares in the Company to Defendant "to
5  hold in trust for him."  Id., ¶ 23.  Plaintiff also transferred
6  to Defendant his "fifty percent interest held in the gas
7  station."  Under the Contract, Defendant agreed to "return
8  Plaintiff his shares and interest back to him whenever Plaintiff
9  asked him to."  Id., ¶ 23.  The contract also provided that
10 Defendant "would provide Plaintiff with all profits he made from
11 the sale by [the Company] of the other gas stations proportionate
12 to the shares he held on behalf of Plaintiff."  Id., ¶ 23.
13 Eventually, plaintiff demanded his shares and interest back, and
14 defendant refused.  See Complaint ¶ 26.
15      In other words, the Complaint alleges that plaintiff and
16 defendant sought to deceive the lender into financing the
17 purchase of the gas station, and to deceive BP into "assigning"
18 the gas station (or the franchise) to plaintiff, through
19 defendant, a straw buyer and borrower.  Plaintiff asserts that
20 defendant reneged on this scheme, and plaintiff now comes here,
21 asking a federal district court to enforce it.
22      Defendant moves to dismiss all the claims as barred by the
23 statute of limitations and the statute of frauds, and for failure
24 to state a claim.  Defendant does not ask the court to dismiss
25 the claims under the "unclean hands" doctrine, although that
26 doctrine fairly leaps from the allegations of this Complaint.
27 Under that doctrine, this court would "leave the parties as [it]
28 found them."  Wong v. Tenneco, Inc., 39 Cal. 3d 126, 138 (1985).

3

## ANALYSIS

Plaintiff has filed an "opposition" (ECF No. 16), that contains no opposition of any kind to defendant's motion to dismiss for failure to state a claim. Although plaintiff argues that his claims are not barred by the statute of limitations or the statute of frauds, he does not respond to defendant's arguments that the Complaint fails to state a claim for breach of contract, "libel per se," unjust enrichment, or any of the other claims in the Complaint. This constitutes a complete failure to prosecute, dismissible under Fed. R. Civ. P. 41(b). However, the court has an obligation to consider less drastic alternatives to dismissal. See Omstead v. Dell, Inc. 594 F.3d 1081, 1084 (9th Cir. 2010) (district court must consider "the availability of less drastic sanctions").

Accordingly, plaintiff **SHALL FILE** an opposition to defendant's dismissal motion – addressing every argument in defendant's motion – no later than May 27, 2014 at 4:30 p.m. The opposition must also show why this court should not dismiss the complaint under the unclean hands doctrine. See Wong, 39 Cal. 3d at 134 ("[t]he trial court properly declined to involve our courts in this flagrant effort to circumvent Mexican law"); California Crane School, Inc. v. National Commission for Certification of Crane Operators, ___ Cal. App. 4th ___, 2014 WL 1848297 (5th Dist. 2014) (discussing the doctrine). Defendant shall file his reply, if any, no later than June 9, 2014 at 4:30 p.m. The hearing on this motion is hereby **SET** for June 23, 2014 at 10:00 a.m. The Status conference in this matter is reset from

May 19, 2014 to August 4, 2014 at 2:30 p.m.

Failure to comply with this order may result in a dismissal of this case, in its entirety, with prejudice.

IT IS SO ORDERED.

DATED: May 12, 2014.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT