1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  PAUL SINGH,                          No. CIV. S-14-00603 LKK/CKD

12              Plaintiff,

13       v.                              **ORDER**

14  BHUPINDER BAIDWAN,

15              Defendant.

16

17       The court has determined that this matter may be decided

18  based upon the papers currently before the court, and without the

19  need for oral argument.  The hearing on this motion, currently

20  scheduled for June 23, 2014, is therefore **VACATED**.

21       For the reasons set forth below, plaintiff's breach of

22  contract claim will be dismissed, with prejudice, under the

23  unclean hands doctrine, and the remainder of his claims will be

24  dismissed, with prejudice, for failure to prosecute.

25                      **I.   BACKGROUND**

26       The allegations of the Complaint are set forth in this

27  court's order of May 13, 2014.  ECF No. 21.  In short, the

28  Complaint alleges that plaintiff Paul Singh and defendant

1

1  Bhupinder Baidwan sought to deceive a lender into financing

2  Singh's purchase of a gas station, and to deceive BP Corporation

3  into "assigning" the gas station (or the franchise) to plaintiff.

4  They sought to do this by making defendant a straw buyer, since

5  plaintiff did not qualify for the financing or the assignment on

6  his own.  Under the scheme, once the financing and assignment

7  were complete, defendant would transfer the gas station to

8  plaintiff, upon plaintiff's demand.

9      Plaintiff asserts that defendant reneged on this scheme,

10 refusing to turn over the gas station to him.  Plaintiff now

11 comes here, asking a federal district court to enforce the

12 scheme.

13              **II.   PROCEDURAL HISTORY**

14     Defendant moved to dismiss all the claims as barred by the

15 statute of limitations and the statute of frauds, and for failure

16 to state a claim.  Defendant does not raise the defense of the

17 "unclean hands" doctrine by name, although that doctrine fairly

18 leaps from the allegations of the Complaint.  The court

19 nevertheless interprets defendant's following argument to raise

20 the issue of unclean hands:

21          Singh has openly admitted that the purpose of
           the agreement was not only to defraud BP, but
22         also lenders.  Providing false financial
           information to a franchisor and lender to
23         induce them into a contract is clearly an
           illegal purpose and against public policy.
24

25 ECF No. 6 at 13.  Under that doctrine, this court would "leave

26 the parties as [it] found them."  Wong v. Tenneco, Inc., 39

27 Cal. 3d 126, 138 (1985).

28     Plaintiff filed an "opposition" (ECF No. 16), that contained

                          2

no opposition of any kind to defendant's motion to dismiss for failure to state a claim.  Although plaintiff argued that his claims were not barred by the statute of limitations or the statute of frauds, he did not respond to defendant's arguments that the Complaint failed to state a claim for breach of contract, "libel per se," unjust enrichment, or any of the other claims in the Complaint.  The court accordingly ordered plaintiff to address defendant's arguments, and also to show why the court should not dismiss the complaint under the unclean hands doctrine.  See Wong, 39 Cal. 3d at 134 ("[t]he trial court properly declined to involve our courts in this flagrant effort to circumvent Mexican law"); California Crane School, Inc. v. National Commission for Certification of Crane Operators, 226 Cal. App. 4th 12 (5th Dist. 2014) (discussing the doctrine).

Plaintiff has now filed an amended opposition.  ECF No. 22. The amended opposition argues that the court should not dismiss the complaint under the unclean hands doctrine, in order to avoid unjust enrichment of defendant.  It also argues that the court should not dismiss the breach of contract claim.

**III. ANALYSIS**

A.   **Unclean Hands.**

Plaintiff argues that the courts can enforce an illegal contract when necessary to avoid unjust enrichment of the defendant.[1]  Even assuming this is so under California law, plaintiff has not asserted that any of its cited cases authorizes

---

[1] Plaintiff has labeled the claim one for breach of contract.  However, the relief sought is equitable in nature, namely, the compelled return of property and profits, rather than contract damages.

1  the court to enforce a scheme designed, as is apparently the case

2  here, to defraud innocent third parties.

3      According to the Complaint, plaintiff hatched this

4  fraudulent scheme, recruited defendant and another to participate

5  in it, and then found himself to be the victim when the defendant

6  turned on him.  This court will "leave the parties as [it] found

7  them," and will not participate in plaintiff's attempt to defraud

8  innocent third parties.  See Wong, 39 Cal. 3d at 138; California

9  Crane School ___ Cal. App. 4th ___, 2014 WL 1848297.  The breach

10  of contract claim will be dismissed in its entirety, with

11  prejudice.

12      **B.   Other Claims.**

13      Plaintiff has not defended any of his other claims against

14  defendant's assertions that they each fail to state a claim.

15  Plaintiff asserts that it would be "a waste of time" for him to

16  do so since he does not know whether the court will find the

17  contract to be enforceable.  See ECF No. 22 at 7.  The court

18  rejects this excuse, as plaintiff has not explained, nor does it

19  appear from the Complaint, why his "libel per se" claim, for

20  example, is dependent on the outcome of the breach of contract

21  claim.  Plaintiff has simply failed to respond to defendant's

22  motion to dismiss his individual claims, once again.

23      The court stated in its prior order that failure to address

24  these arguments would result in a dismissal for failure to state

25  a claim, with prejudice.  Accordingly, those claims will be

26  dismissed with prejudice, for lack of prosecution.

27  ////

28  ////

4

**III. CONCLUSION**

For the reasons set forth above:

1.   The breach of contract claim ("First Cause of Action") is dismissed in its entirety, with prejudice, under the "unclean hands" doctrine;

2.   The remainder of this lawsuit is dismissed in its entirety, with prejudice, for lack of prosecution; and

3.   The Clerk is directed to close this case.

IT IS SO ORDERED.

DATED:  June 4, 2014.


LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT