1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL SINGH,                              No. 2:14-cv-00603-TLN-CKD

12              Plaintiff,

13        v.                                  **ORDER**

14   BHUPINDER BAIDWAN,

15              Defendant.

16

17        This matter is before the Court on Defendant Bhupinder Baidwan's ("Defendant") Motion

18   to Withdraw the Lis Pendens.  (ECF No. 40.)  Plaintiff Paul Singh ("Plaintiff") opposes the

19   motion.  (ECF No. 44.)  Fully briefed, this matter is ripe for adjudication.  For the reasons

20   detailed below, Defendant's motion is GRANTED.

21        I.      FACTUAL AND PROCEDURAL BACKGROUND

22        Plaintiff filed this diversity action alleging several claims, including breach of contract

23   related to ownership of a franchise of a BP gas station on Sunrise Boulevard in Sacramento.

24   (Compl., ECF No. 1 at 1, 5–6.)  The Complaint alleges that Plaintiff and Defendant sought to

25   deceive the lender into financing the purchase of the gas station, and to deceive BP into

26   'assigning' the gas station (or the franchise) to Plaintiff, through Defendant, a straw buyer and

27   borrower."  (Order, ECF No. 21 at 3.)  Plaintiff alleges Defendant reneged and kept the property.

28   (ECF No. 1 at 6.)  On March 2, 2014, Plaintiff filed a Notice of Pendency of Action, otherwise

                                                    1

1  known as a lis pendens, asserting an interest in the property, pursuant to California Code of Civil

2  Procedure §§ 405 *et seq*.  (ECF No. 4.)

3      The Court dismissed the case with prejudice.  (Order, ECF No. 25 at 5.)  The Court

4  dismissed the breach of contract claim under the "unclean hands" doctrine and chose to "leave the

5  parties as it found them ... [rather than] participate in [P]laintiff's attempt to defraud innocent

6  third parties.  (ECF No. 25 at 2, 4)(citing *Wong v. Tenneco, Inc.*, 39 Cal. 3d 126, 138 (1985).)

7  The Court dismissed the remainder of the claims for failure to prosecute after Plaintiff twice

8  failed to respond to Defendant's motion to dismiss.  (ECF No. 25 at 4.)

9      Plaintiff appealed this Court's dismissal of his case.  (Notice of Appeal, ECF No. 33.)

10 The Ninth Circuit affirmed the dismissal.  (Mandate, ECF No. 48 at 7.)

11     Prior to the Ninth Circuit's decision, Defendant moved to dismiss the lis pendens pursuant

12 to California Code of Civil Procedure §§ 405.30, 405.32, and 405.38.  (ECF No. 40 at 1.)

13 Plaintiff filed a Response in opposition requesting that the lis pendens not be withdrawn pending

14 the outcome of the appeal.  (ECF No. 44 at 2.)  Defendant filed a Reply.  (ECF No. 45.)

15     **II.     STANDARD OF LAW**

16     Federal courts look to state law when deciding matters involving lis pendens.  *See* 28

17 U.S.C. § 1964 (requiring a party to comply with state law notice requirements in actions

18 concerning real property in order to give constructive notice of an action pending in a United

19 States district court related to real property in that state).

20     Under Cal. Civ. Proc. Code § 405.30, a party to an action may ask a court in which that

21 action is pending to expunge the notice of lis pendens.  A "court shall order that the notice be

22 expunged if that court finds that the claimant has not established by a preponderance of the

23 evidence the probable validity of the real property claim."  Cal. Civ. Proc. Code § 405.32.

24 "'Probable validity,' with respect to a real property claim, means that it is more likely than not

25 that the claimant will obtain a judgment against the defendant on the claim."  Cal. Civ. Proc.

26 Code § 405.3.  The claimant has the burden of proof.  Cal. Civ. Proc. Code § 405.30.

27 ////

28 ////

1    **III.    ANALYSIS**

2          Defendant argues that the Court should withdraw the lis pendens because the Court has

3    dismissed Plaintiff's action with prejudice.  Plaintiff's opposition is based on his now-resolved

4    appeal to the Ninth Circuit.  Plaintiff has not met his burden to show by a preponderance of the

5    evidence that his claims in the property that are the subject of the lis pendens are "probably valid"

6    because the action has been dismissed with prejudice and the dismissal has now been affirmed.

7    Consequently, the Court expunges the lis pendens.

8          **IV.    CONCLUSION**

9          Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Withdraw the Lis

10   Pendens, (ECF No. 40), is GRANTED:

11         1.   Plaintiff's lis pendens related to the real property and gas station located at 2295

12              Sunrise Blvd, Sacramento, CA 95295, Assessor's Parcel Number: 056-0330-006-

13              0000, recorded as ECF No. 4 in the above titled action, is hereby ordered expunged.

14         IT IS SO ORDERED.

15

16

17   Dated: February 13, 2017

18

19

20                                                    Troy L. Nunley
                                                      United States District Judge
21

22

23

24

25

26

27

28